CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
JUN 05 2006
JOHN F. CORCORAN, CLERK
BY: DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| KAREN F. WHITLOW, | ) | CASE NO. 4:05CV00054 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| | ) | |
| JO ANNE B. BARNHART, Commissioner | ) | By:    B. Waugh Crigler |
| of Social Security, | ) |         U. S. Magistrate Judge |
| | ) | |
| Defendant. | ) | |

This challenge to a final decision of the Commissioner which denied plaintiff's April 16,

2004 claim for a period of disability and disability insurance benefits under the Social Security

Act ("Act"), as amended, 42 U.S.C. §§ 416 and 423, is before the undersigned under authority of

28 U.S.C. § 636(b)(1)(B) to render to the presiding District Judge a report setting forth

appropriate findings, conclusions and recommendations for the disposition of the case.  For the

reasons that follow, the undersigned will RECOMMEND that an order enter AFFIRMING the

Commissioner's final decision, GRANTING the defendant's motion for summary judgment, and

DISMISSING this case from the docket of the court.

In a decision eventually adopted as a final decision of the Commissioner, an

Administrative Law Judge ("Law Judge") applied the sequential five-step process outlined in the

Commissioner's regulations to determine whether the plaintiff was "disabled" under the Act

which requires the Law Judge to consider, in sequence, whether a claimant:  (1) is working, (2)

has a severe impairment, (3) has an impairment that meets or equals the requirements of a listed

impairment making her disabled as a matter of law, (4) can return to her past work, and if not, (5)

retains the capacity to perform specific jobs that exist in significant numbers in the national economy. *See* 20 C.F.R. §§ 404.1520, 416.920 (2005). The claimant bears the burden of production and proof in the first four steps of the inquiry. *See Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1992) (*per curiam*). At the fifth step, the burden shifts to the Commissioner to prove that other jobs exist in the national economy that the claimant can perform. *See id.*

In this case, the Law Judge found that the plaintiff, who was 54 years old with a twelfth grade education and past relevant work as an emergency room registrar, owner/operator of a cleaning service, housekeeper and receptionist. (R. 12.)[1] The Law Judge determined that the plaintiff suffered with fibromyalgia and degenerative disc disease, which were severe impairments, but that she did not suffer a severe mental impairment as she alleged in her claim. (R. 14-15, 18.) The Law Judge did not find that any of her impairments, alone or in combination, were severe enough to meet or equal any listed impairment. (R. 15, 18.) The Law Judge determined that plaintiff's complaints about the effects of her maladies were not totally credible because none of the physicians whose evidence was in the record, either treating or consultative, found her impairments imposed any limitations on her work-related functional abilities. (R. 16, 18.) Acknowledging plaintiff's testimony concerning her capacity to lift/carry, and referring to both the reviewing and examining consultative medical evidence before him, including the testimony of a medical expert (ME) who testified at the hearing, the Law Judge determined plaintiff was able to perform work-related activities within the description of her past relevant work as provided by the vocational expert (VE). (R. 17, 18.) Thus, the Law Judge concluded

---

[1]The Law Judge found that plaintiff's work as an owner/operator of a cleaning service did not rise to the level of substantial gainful activity (SGA) as indicative of any ability to perform this type of her past relevant work. (R. 13.)

that plaintiff's impairments did not prevent her from performing her past relevant work, and therefore, that she was not disabled under the Act. (R. 17, 18.)

Plaintiff appealed the Law Judge's decision to the Appeals Council. The Appeals Council found no basis in the record or in the reasons advanced on appeal to review the Law Judge's decision. (R. 4-6). Accordingly, the Council denied review and adopted the Law Judge's decision as the final decision of the Commissioner. This action ensued.

The Commissioner is charged with evaluating the medical evidence and assessing symptoms, signs and medical findings to determine the functional capacity of the claimant. 20 C.F.R. §§ 404.1527- 404.1545 and 416.927-404.945; *Hayes v. Sullivan*, 907 F. 2d 1453 (4th Cir. 1990); *Shively v. Heckler*, 739 F. 2d 987 (4th Cir. 1984). The regulations grant some latitude to the Commissioner in resolving conflicts or inconsistencies in the evidence, which the court is to review for clear error or lack of substantial evidentiary support. 20 C.F.R. §§ 404.1527 and 416.927; *Craig v. Chater*, 76 F.3d 585 (4th Cir. 1996). In all, if the Commissioner's resolution of the conflicts in the evidence is supported by substantial evidence, the court is to affirm the Commissioner's final decision. *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966).

By the same token, when a claimant has proved a *prima facie* case of disability by demonstrating she suffers impairments which prevent the performance of any past relevant work, the burden shifts to the Commissioner to produce evidence that jobs were available to a person with plaintiff's maladies and limitations. 20 C.F.R. §§ 404.1520 and 416.920. Should the evidence reveal non-exertional limitations on the claimant's ability to perform work-related activities, a VE is required for the Commissioner to discharge her burden. *Hall v. Harris*, 658 F.2d 260 (4th Cir. 1981); *Smith v. Bowen*, 837 F.2d 635 (4th Cir. 1987). In that connection,

3

vocational evidence is relevant only if the VE accounts for all the claimant's maladies and their effects, and the hypothetical questions posed to the VE must be broad enough to allow the VE to account for all significant functional limitations disclosed by the substantial evidence. *Hancock v. Barnhart*, 206 F. Supp. 2d. 757 (W.D.Va. 2002) (quoting *Young v. Apfel*, 1999 WL 33117094 (D. Me. 1999) (unpublished)); *see also Walker v. Bowen*, 889 F.2d 47 (4th Cir. 1989).

Plaintiff contends that the Law Judge did not comply with what she characterizes as a two-step process set forth in *Craig v. Chater*, 76 F.3d 585 (4th Cir. 1996) by failing first to consider the objective medical evidence in support of her claim before determining the second step relating to her credibility. Plaintiff believes that had the Law Judge done so, the evidence would have revealed that she suffered a condition which supports her subjective complaints.

The undersigned's examination of the record demonstrates that the Law Judge did first consider the objective evidence submitted both by plaintiff's treating doctors and by consulting physicians, including a medical expert who testified at the hearing. As the Law Judge observed, "None of the claimant's treating physicians have imposed limitations upon her functioning, work-related or otherwise." (R. 16.) Nor did the Commissioner's consultants offer any evidence to suggest her functioning was limited. In assessing the medical evidence, the Law Judge seems to have fully and fairly considered reports from plaintiff's treating sources which objectively reveal little strength or motor/sensory loss. (R. 115-119, 160-170, 133-152.) Moreover, there is evidence indicating that plaintiff can meet the basic mental demands of competitive employment on a sustained basis, with nothing offered to the contrary. (R. 186.)

In the end, the undersigned is of the view that plaintiff can rise no higher than the medical evidence, even her own, will allow her to go, and that the Law Judge considered the strength of

4

that evidence before determining that her subjective complaints were only partially credible. That being the case, the vocational evidence clearly provided a basis for the Law Judge to find that plaintiff possessed the capacity to perform work encompassed by her past relevant work. In other words, the final decision of the Commissioner is supported by substantial evidence.

Thus, it is RECOMMENDED that an order enter AFFIRMING the Commissioner's final decision, GRANTING the defendant's motion for summary judgment, and DISMISSING this action from the docket of the court.

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within (10) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(l)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to send a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: _____
U.S. Magistrate Judge

_____
Date

5